## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ORION REFINING CORPORATION, | ) | Case No. 03-11483 (MFW) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| FLUOR ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. A-04-52447 (MFW) |
| | ) | |
| ORION REFINING CORPORATION, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### MEMORANDUM OPINION[1]

Before the Court is the Motion of the ORC Distribution Trust
(the "Trust") for determination that there is no just reason for
delay in entry of final judgment on Counts I and IV of the
Complaint filed by Fluor Enterprises, Inc. ("Fluor") against
Orion Refining Corporation.  For the reasons set forth below, the
Court will deny the Trust's Motion.

_____

[1]  This Opinion constitutes the findings of fact and
conclusions of law of the Court pursuant to Federal Rule of
Bankruptcy Procedure 7052.

I.   <u>BACKGROUND</u>

On February 4, 2004, Fluor filed a Complaint against Orion Refining Corporation (the "Debtor")[2] to recover funds for fire restoration, maintenance, and new construction work performed pre-petition on the Debtor's refinery.  The Complaint contains four counts.  Count I asserts a mechanics' lien against the refinery under the Louisiana Private Works Act and thus the right to sale proceeds placed in escrow.  Count II alleges fraud and misrepresentation.  Count III asserts promissory estoppel.  Lastly, Count IV seeks imposition of a constructive trust against the proceeds of the sale of the Debtor's refinery.

In the adversary proceeding brought by Fluor, the Debtor counterclaims and seeks indemnification, pursuant to a provision of the Master Service Agreement the parties entered into, for costs and liabilities associated with any lien that may attach to the refinery.  The Debtor also seeks avoidance and recovery of certain transfers pursuant to sections 547 and 550 of the Bankruptcy Code.

On June 3, 2004, Fluor filed a Motion for Relief from Previously Entered Critical Fire and Trade Vendor Orders ("Motion for Relief"), pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which also seeks payment of the pre-petition

---

[2]   On May 12, 2004, the Debtor was succeeded by the Trust under the Amended Plan of Liquidation.

claim.  In an Order dated July 27, 2006, the Court determined
that the Debtor would be required to pay Fluor for the pre-
petition work Fluor performed if Fluor could establish that (1)
the parties agreed that Fluor was a Critical Fire Vendor and
would be paid when all work was completed or (2) the Debtor
misrepresented that Fluor would be paid when the work was
completed and Fluor detrimentally relied on those
misrepresentations by completing the work.

On May 10, 2006, the Court, by Opinion and Order, granted
partial summary judgment in favor of the Trust on Counts I and IV
of the Fluor Complaint.  The Court held that Fluor could not
recover under Count I because, under the Master Service
Agreement, it waived its right to impose a mechanics' lien.  In
re Orion Ref. Corp., 341 B.R. 476, 481 (Bankr. D. Del. 2006).
The Court further concluded that Count IV failed because
Louisiana law (the law applicable to the issue) did not recognize
the remedy of constructive trust.  Id. at 482-85.

Fluor appealed the Court's May 10 Opinion and Order.  On
August 11, 2006, the District Court dismissed the appeal, without
prejudice, because the May 10 Opinion and Order disposed of fewer
than all the claims in the adversary proceeding.

On September 6, 2006, the Trust filed a Motion, pursuant to
Rule 7054(a) of the Federal Rules of Bankruptcy Procedure, for
entry of final judgment on Counts I and IV.  Briefing on the

3

Motion is complete.   The matter is ripe for decision.


II.   <u>JURISDICTION</u>

This is a core proceeding.   The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (B), (K), (N), (O).


III.   <u>DISCUSSION</u>

The Trust requests entry of final judgment on Counts I and IV under the authority of Rule 54(b) of the Federal Rules of Civil Procedure.   <u>In re Aetna Indus., Inc.</u>, 340 B.R. 252, 264 (Bankr. D. Del. 2006) ("By its nature, a grant of partial summary judgment is interlocutory.   Thus, such a judgment does not become final until the entry of final judgment of all the issues in the case, unless the [Court] certifies the judgment as final under Rule 54(b).").   Rule 54(b) provides that

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . .

Fed. R. Civ. P. 54(b) (applicable to adversary proceedings by Rule 7054(a) of the Federal Rules of Bankruptcy Procedure). In this case, granting the Rule 54(b) motion requires a determination that (1) the judgments on the two Counts are "final

4

judgments" and (2) they are ready for appeal (i.e., there is no
just reason for delay).  Aetna Indus., Inc., 340 B.R. at 264.

    A.   Standard of Review

    A certification under Rule 54(b) is discretionary.  Sears,
Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956); Allis-Chalmers
Corp. v. Phila. Elec. Co., 521 F.2d 360, 365 (3d Cir. 1975).  An
entry of final judgment is "the exception, not the rule."  Aetna
Indus., 340 B.R. at 264 (citation and internal quotations
omitted).  The party seeking certification, "must shoulder the
burden of identifying the particular factors, considerations and
reasons [to be balanced] so that the [Court] may, in its
discretion, properly evaluate the Rule 54(b) application."
Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1004 (3d
Cir. 1992).  The Court must balance the proffered non-exclusive
factors to determine whether the certification "is in the
interest of sound judicial administration and public policy."
Id.  If certification is granted, the Court must identify the
specific factors relied upon as justification for its decision.
Id.

    B.   Finality of Judgment

    The Trust contends the May 10 Opinion and Order constitutes
a "final judgment" as to Counts I and IV because it was a
determination of whether full recovery is available on those
claims.  It notes that the "finality" determination in the

bankruptcy context is elastic rather than rigid.  See, e.g., In re Chateaugay Corp., 922 F.2d 86, 90 (2d Cir. 1990) ("Finality in the bankruptcy context is determined by a less rigid standard than that applicable to other proceedings."); In re Harrington, 992 F.2d 3, 5 (1st Cir. 1993) (citation omitted) (stating finality is given a "flexible interpretation" in bankruptcy cases); In re Pacific Gas and Elec. Co., 280 B.R. 506, 511 (N.D. Cal. 2002) ("[I]n the bankruptcy context, courts adopt a pragmatic approach in applying the finality requirement, as 'the idiosyncracies of bankruptcy sometimes make it difficult to discern whether orders entered in bankruptcy cases are final in the classic sense. . . ." (citing In re Belli, 268 B.R. 851, 854 (B.A.P. 9th Cir. 2001)).

Specifically, the Trust argues that Count I is a discrete question of contract waiver and Louisiana's law on mechanics' liens.  Moreover, Count IV is purely a question of law – whether Louisiana law recognizes the remedy of constructive trust.  The Trust contends that those two Counts are not factually intertwined with Counts II and III, which are premised on alleged misrepresentations by the Debtor.  The Trust further asserts that Counts I and IV are the only two claims in the adversary proceeding that would entitle Fluor to full recovery versus a small pro rata distribution as a general unsecured creditor.

Fluor, on the contrary, argues that the May 10 Opinion and Order is not a final judgement on Counts I and IV because it does not determine "a discrete dispute within the larger case." <u>Cf. In re Saco Local Dev. Corp.</u>, 711 F.2d 441, 444 (1st Cir. 1983) (emphasis in original) ("Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of <u>discrete disputes within the larger case</u> - and in particular, . . . orders finally settling creditors' claims are separately appealable.).  Rather, Fluor asserts that the Court decided only two of four alternative theories of recovery on Fluor's pre-petition claim.

The Court agrees with Fluor.  A final judgment is one that decides "a cognizable claim for relief" and disposes "of an individual claim entered in the course of a multiple claims action." <u>Curtiss-Wright Corp. v. Gen. Elec. Co.</u>, 446 U.S. 1, 7 (1980).  Contrary to the Trust's argument, Counts I and IV are not separate individual claims for relief.  Rather, all four Counts in Fluor's Complaint (and its Motion for Relief) assert one legal right to payment for the pre-petition work performed by Fluor under various legal theories.  <u>See, e.g.</u>, <u>Liberty Mut. Ins. Co. v. Wetzel</u>, 424 U.S. 737, 743 n.4 (1976) ("[A] complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief."); <u>Gerardi v. Pelullo</u>, 16 F.3d 1363, 1368 (3d Cir.

7

1994) ("Rule 54(b) cannot be invoked to certify a partial summary judgment as final when a plaintiff seeks to recover for the same loss on different theories and the district court has resolved its claim on less than all the theories advanced."); Sussex Drug Prods. v. Kanasco, Ltd., 920 F.2d 1150, 1154 (3d Cir. 1990) (citation omitted) ("Alternative theories of recovery based on the same factual situation are but a single claim, not multiple ones.").

In this case, all the claims in the adversary proceeding – mechanic's lien, fraud and misrepresentation, promissory estoppel, and constructive trust – and the Motion for Relief hinge upon the same operative facts.  At the heart of each claim is the underlying claim for payment for the work Fluor performed on the Debtor's refinery.

In addition, contrary to the Trust's assertions, Counts I and IV are not the only claims which could result in payment in full of Fluor's pre-petition claim.  The July 27 Order expressly provided that the Court would direct payment to Fluor if Fluor is successful on its misrepresentation claim (Count II of the Complaint).  Moreover, in the May 12, 2004 Order confirming the Debtor's Amended Plan of Liquidation, the Court held that Fluor may recover from the $20,538,932.45 Fluor Reserve if the Court (1) finds a mechanics' lien exists; (2) imposes a constructive trust or other equitable remedy in the adversary proceeding; or

(3) grants Fluor's Motion for Relief.  (<u>See</u> Confirmation Order, at ¶ 52.)

Further, regardless of which theories prevail, the Court may only award Fluor one recovery for the pre-petition services performed by it.  See <u>Sussex Drug Prods.</u>, 920 F.2d at 1154 ("[C]laims cannot be separate unless separate recovery is possible on each." (citation and internal quotations omitted)). Because the Motion for Relief and the remaining Counts in the adversary proceeding are still pending, the Count I and IV claims are not final because they did not dispose of the issue of Fluor's right to payment for the pre-petition work performed on the Debtor's refinery.

Accordingly, the Court concludes that the May 10 Opinion and Order does not constitute a final judgment on the claims in Counts I and IV of the Complaint.

C.   <u>Readiness for Appeal</u>

Because the Opinion and Order does not constitute a final judgment, and thus is not appealable, an express determination that there is no just reason for delaying an appeal is moot.  <u>See Aetna Indus.</u>, 340 B.R. at 264.


IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Court will deny the Trust's Motion for determination that there is no just reason to delay

entry of final judgment.

An appropriate Order is attached.

Dated: November 21, 2006        BY THE COURT:

Mary F. Walrath
United States Bankruptcy Judge

10